**Salvador Fernando OLASCOAGA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70845.**

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

Carol A. Dvorkin, Esq., Law Office of Carol A. Dvorkin, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christine A. Hill, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Salvador Fernando Olascoaga, his wife, and his sons, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision which affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Where it is unclear whether the BIA conducted a de novo review, we look to the IJ's decision as a guide. *See Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). We deny the petition for review.

We have jurisdiction to review the agency's finding of no extraordinary or changed circumstances to excuse the untimely filing of the asylum application.

ed by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam). The record does not compel the conclusion that petitioners have shown either changed or extraordinary circumstances to excuse the untimely filing of their asylum application. *See id.* at 657–58; *see also* 8 C.F.R. § 208.4(a)(4), (5). Accordingly, we deny the petition for review as to petitioners' asylum claims.

■ Substantial evidence supports the agency's finding that the mistreatment of Pentecostal Christians in Mexico was not countrywide, and that the Mexican Government continued to make attempts to promote interfaith relations. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007). Thus, the petitioners did not satisfy the standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■ Substantial evidence supports the denial of CAT relief because petitioners did not establish that it is more likely than not that they will be tortured if returned to Mexico. *See id.* Accordingly, we deny the petition for review as to petitioners' withholding of removal and CAT claims.

**PETITION FOR REVIEW DENIED.**